OPINION OF THE COURT
Orest V. Maresca, J.
Respondents move for an order pursuant to CPLR 3212 granting summary judgment. Petitioner cross-moves for summary judgment and related relief.
This is an article 78 proceeding in which petitioner, a charitable and educational institution incorporated under the laws of the State of New York, seeks review of a determination by the Comptroller’s office of the City of New York which denied petitioner’s application to cancel accrued real property taxes, water charges and sewer rents. Petitioner was granted a partial real property tax exemption which reduced the assessed valuation of the subject property located at 130 7th Street in the Borough of Manhattan, from $85,000 to $20,000 for the 1973-1974 tax year, and for later years, to $3,000. A partial exemption rather than a full exemption was granted because of the occupancy of a portion of the property by a travel agency which pays petitioner a monthly rent. Petitioner failed to register the property with the New York City Department of Finance, as it was required to do. The result of its failure *346 to register the property was that petitioner never received tax bills reflecting the amount of taxes owed for the nonexempt portion of its property and never paid the taxes it owed. Consequently, petitioner’s property was included in the city’s in rem tax foreclosure proceeding, No. 28. Petitioner did not interpose an answer in the proceeding and on April 25, 1977, title to the property vested in the City of New York. As of that date, taxes began to accrue based upon the full valuation of $85,000.
In July, 1981, petitioner applied for a release of the city’s interest pursuant to section D17-25.0 of the Administrative Code of the City of New York. At that time, section D17-25.0 required all back taxes and interest to be paid before the city could release its interest in the property. Petitioner was advised that the delinquency, in the amount of $75,783.36, had to be paid within 60 days, phrsuant to the statute.
On November 19,1981, petitioner submitted an application to respondent Goldin’s office requesting that the total delinquency be canceled. By letter dated May 10, 1982, petitioner’s application was denied. It then sought permission to pay the delinquency in installments, which was approved by the board of estimate on June 24, 1982. The terms of the board’s approval required that petitioner pay 50% of the tax arrears in order to obtain a release of the property. Petitioner states that it could not pay the amount (approximately $40,000) and thereafter commenced this article 78 proceeding to review respondent’s denial of its application for cancellation of the tax delinquency. Petitioner argües that respondent had an obligation pursuant to subdivision h of section D17-25.0 of the Administrative Code to cancel all charges, at least to the extent of the partial exemption. Subdivision h of section D17-25.0 reads as follows: “[a]n owner of property entitled to an exemption under any of the provisions of article four of the real property tax law during all or part of the period covered by the tax items appearing on a list of delinquent taxes may apply for a release of the city’s interest in such exempt property under the provisions of this section during the periods of time set forth herein and for an additional period up to ten years from the date of the city’s acquisition of said *347 property by in rem foreclosure. The application of such owner shall contain, in addition to the statements, searches and proofs required by this section, a statement that an exemption under the real property tax law is being claimed. Such application shall also state either that it is accompanied by the written certificate of the comptroller setting forth the precise period during which said property, while owned by such applicant, and during the period after the city’s acquisition up to the date of the certificate if said property was still being used for an exempt purpose after said acquisition, was entitled to an exemption and the exact nature and extent of such exemption or that an application for such written certificate has been filed with the comptroller. On issuing such written certificate, the comptroller shall cancel those tax items which have accrued during the period covered by the certificate to the extent the applicant is entitled to an exemption as set forth in the certificate.” As the court reads this statute, it appears that petitioner was, indeed, entitled to cancellation of tax items which have accrued to the extent of the exemption originally granted, and the action taken by respondent in denying petitioner’s application to the extent of the partial exemption was arbitrary and capricious.
Accordingly, respondent’s motion is denied and petitioner’s cross motion is granted to the extent that respondent’s determination dated May 10, 1982 is vacated, and the matter is remanded to respondent for a determination consistent with this opinion.